## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| KATHERINE STEPHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:10-CV-387 |
| v. | ) PHILLIPS/GUYTON |
| | ) JURY DEMANDED |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant. | ) |

### ANSWER TO AMENDED COMPLAINT

Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart" or "Defendant"), by and through counsel, and in response to each and every allegation contained in the Amended Complaint states as follows:

1. In response to the allegations contained in Paragraph 1, Defendant admits, upon information and belief, the allegations regarding Plaintiff's address. Defendant avers that it is a limited partnership that is considered a citizen of Arkansas. Defendant avers that it operates a store located at 1414 Parkway, Sevierville, Tennessee 37862. Defendant admits that it may be served with process by and through its registered agent, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929. Any remaining allegations contained in Paragraph 1 are denied.

2. In response to the allegations contained in Paragraph 2, Defendant admits only that Plaintiff was in the subject store on July 31, 2009 and reported that she had fallen. The remaining allegations contained in Paragraph 2 are denied. Defendant avers that the allegation pertaining to Plaintiff's status as "a business invitee" is a statement and/or conclusion of law that no longer has any significance under Tennessee law.

3. The allegations contained in Paragraph 3 are denied.

1

K KLS1 257103 v1
2825865-000876-10/08/2010
Case 3:10-cv-00387   Document 8   Filed 10/08/10   Page 1 of 7   PageID #: 46

4. The allegations contained in Paragraph 4 are denied.

5. The allegations contained in Paragraph 5 are denied.

6. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 6, and therefore, those allegations are denied and strict proof is demanded. Defendant specifically denies that it was negligent in any way and further denies that it is or was the direct, actual, or proximate cause of Plaintiff's alleged injuries and damages.

7. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 7, and therefore, those allegations are denied and strict proof is demanded. Defendant specifically denies that it was negligent in any way and further denies that it is or was the direct, actual, or proximate cause of Plaintiff's alleged injuries and damages.

8. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 8, and therefore, those allegations are denied and strict proof is demanded. Defendant specifically denies that it was negligent in any way and further denies that it is or was the direct, actual, or proximate cause of Plaintiff's alleged injuries and damages.

9. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 9, and therefore, those allegations are denied and strict proof is demanded. Defendant specifically denies that it was negligent in any way and further denies that it is or was the direct, actual, or proximate cause of Plaintiff's alleged injuries and damages.

10. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 10, and therefore, those allegations are denied and strict proof is demanded. Defendant specifically denies that it was negligent in any way and further denies that it is or was the direct, actual, or proximate cause of Plaintiff's alleged injuries and damages.

11. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 11, and therefore, those allegations are denied and strict proof is demanded. Defendant specifically denies that it was negligent in any way and further denies that it is or was the direct, actual, or proximate cause of Plaintiff's alleged injuries and damages.

12. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 12, and therefore, those allegations are denied and strict proof is demanded. Defendant specifically denies that it was negligent in any way and further denies that it is or was the direct, actual, or proximate cause of Plaintiff's alleged injuries and damages.

13. Defendant is without sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in Paragraph 13, and therefore, those allegations are denied and strict proof is demanded. Defendant specifically denies that it was negligent in any way and further denies that it is or was the direct, actual, or proximate cause of Plaintiff's alleged injuries and damages.

14. For further response to the Amended Complaint, Defendant avers that any and all allegations and/or averments not expressly admitted, denied, or explained herein are hereby expressly denied and strict proof is demanded.

## DEFENSES

Now having fully answered, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart" or "Defendant"), by and through counsel, hereby pleads its affirmative and other defenses in this action:

1. Plaintiff has failed to state a claim upon which relief can be granted against Defendant, pursuant to Rule 12 of the Federal Rules of Civil Procedure.

2. Defendant avers that Plaintiff is not entitled to recover any damages from Defendant, including, but not limited to, the damages alleged in the Amended Complaint and in the Amended Complaint's prayer for relief.

3. Defendant avers that it did not engage in any negligence which caused or contributed to Plaintiff's alleged damages.

4. Defendant denies that it was liable for any act which directly or proximately caused or contributed to the damages alleged to have been sustained by Plaintiff. Defendant further denies that it was liable for any act of omission or commission which directly or proximately caused or contributed to the damages alleged to have been incurred by Plaintiff.

5. Defendant avers that the accident or incident which is the subject matter of the Amended Complaint was caused or brought about by a person or persons (including Plaintiff and/or other unknown tortfeasor(s)) other than Defendant over whom Defendant had neither control nor the right to control, or resulted from some independent cause, phenomenon, misadventure, or Act of God beyond the control of Defendant and for which Defendant is not liable. Defendant therefore relies on the defense of superseding intervening cause.

6. Defendant asserts that Plaintiff is not entitled to recover because the fault attributable to Plaintiff and/or other unknown tortfeasor(s) is equal to, or greater than, the

4

percentage of any alleged fault attributable to Defendant. Defendant therefore relies on the defense of comparative fault.

7. Defendant avers that if it is found liable, which liability is denied, any such fault should be compared with that of other parties or individuals thought to be negligent and any recovery should be reduced by the percentage of fault found against such other party or parties, including the fault of the Plaintiff and/or other unknown tortfeasors. Defendant again relies on the defense of comparative fault.

8. Defendant avers that no hazardous, dangerous, and/or defective condition existed at the time and in the location of Plaintiff's alleged incident.

9. Defendant avers that it did not cause nor did it have actual or constructive notice of any alleged hazardous, dangerous, and/or defective condition, if one existed, which is denied.

10. Defendant denies that it owed any duty to Plaintiff regarding the alleged condition and/or incident.

11. Defendant denies that it breached any duty owed to Plaintiff.

12. Defendant avers that if Plaintiff has sustained injury or loss as alleged in the Amended Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic, and/or environmental conditions, illnesses, or diseases.

13. Defendant avers that in the event that Plaintiff has failed to mitigate some or all of her alleged injuries and/or damages, Plaintiff's recovery, if any, should be reduced or barred accordingly.

14. Defendant avers that Plaintiff cannot recover her attorney's fees even if she were to prevail in this action.

5

15. Defendant relies on all applicable statutes of limitations, if proven applicable by investigation and discovery.

16. Defendant relies upon the doctrines of estoppel, laches, and waiver to the extent applicable to the facts of this cause.

17. Defendant moves the Court for permission to amend this Answer and plead additional defenses and to plead its defenses more specifically at the conclusion of its investigation and discovery proceedings.

WHEREFORE, having fully answered the Amended Complaint filed against it, Defendant, Wal-Mart Stores East, L.P. ("Wal-Mart" or "Defendant"), prays that Plaintiff's Amended Complaint be henceforth dismissed with prejudice and costs, including discretionary costs, and that Defendant be granted such other relief as the Court deems appropriate. Alternatively, Defendant demands a trial by jury.

Respectfully submitted,

By: s/ Kenny L. Saffles
Clarence Risin (BPR #016874)
Kenny L. Saffles (BPR #023870)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
(865) 549-7000

*Attorneys for Defendant Wal-Mart Stores East, L.P.*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was electronically filed on October 8, 2010. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and all persons or parties not on the electronic filing receipt will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Jerry K. Galyon
GALYON & ASSOCIATES
119 Court Avenue
Sevierville, Tennessee 37862
(865) 453-6143

                                                s/ Kenny L. Saffles
                                                Kenny L. Saffles

7

K KLS1 257103 v1
282586-000876 10/08/2010
Case 3:10-cv-00387   Document 8   Filed 10/08/10   Page 7 of 7   PageID #: 52